

DOCKET NO. 496

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE CAESARS WORLD SHAREHOLDER LITIGATION

TRANSFER ORDER*

This litigation consists of fourteen actions pending
in three districts as follows:  nine actions in the Eastern
District of Pennsylvania, three actions in the Central District
of California, and two actions in the District of New Jersey.1/
Presently before the Panel is a motion by plaintiff in one
of the Pennsylvania actions to centralize under 28 U.S.C.
§1407 all actions in the District of New Jersey for coordinated
or consolidated pretrial proceedings.  All parties agree
that Section 1407 centralization is appropriate in this
docket and have filed a "Stipulation as to Transfer" in
which they have consented to centralization of all actions
in the District of New Jersey.

On the basis of the papers filed,2/ the Panel finds
that these actions involve common questions of fact and
that centralization of these actions under Section 1407
in the District of New Jersey will best serve the convenience
of the parties and witnesses and promote the just and efficient
conduct of the litigation.  All actions involve a common
core of facts concerning the efforts by Caesars World, Inc.,
(Caesars) to obtain from the New Jersey Casino Control
Commission (the Commission) a permanent license to conduct
casino operations in New Jersey for a Caesars subsidiary.
Common to the actions are questions concerning 1) the activities
of Clifford and Stuart Perlman (former officers and directors
of Caesars) which allegedly led the Commission to deny issuance
of a permanent license unless the Perlmans resigned their
corporate positions and divested themselves of their Caesars

---

*    Judges Roy W. Harper, Charles R. Weiner, and Sam C.
Pointer, Jr., did not participate in the decision of this
matter.

1/  The original motion before the Panel included only thirteen
actions.  The parties to the fourteenth action, Stephen
Wetter, et al. v. Caesars World Inc., et al., C.D. California,
C.A. No. 81-5983-MRP, all of whom were parties to actions
encompassed by the transfer motion, have consented to inclusion
of the fourteenth action in any centralized pretrial proceedings
ordered by the Panel.

2/  The parties to this docket waived their right to oral
argument and therefore the question of transfer under 28
U.S.C. §1407 was submitted on the briefs.  Rule 14, R.P.
J.P.M.L., 89 F.R.D. 273, 283-84 (1981).

-2-

stock; and 2) the legality of an agreement which provided
for Caesars to buy out the Perlman holdings of Caesars
securities for approximately $90,000,000, a price which
allegedly includes a premium of more than $50,000,000 over
the current market value of the Perlmans' stock.   Transfer
under Section 1407 is necessary in order to prevent duplicative
discovery, eliminate the possibility of inconsistent pretrial
rulings, and conserve the time and effort of the parties,
witnesses and the judiciary.

      We conclude that the District of New Jersey is the
most preferable transferee district for this litigation.
We note that 1) all parties agree on selection of that district
as transferee forum, and 2) a proposed settlement which
may be dispositive of all claims in this litigation has
been reached in one of the actions pending in that district.

      IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.
§1407, the actions listed on the attached Schedule A and
pending in districts other than the District of New Jersey
be, and same hereby are, transferred to the District of
New Jersey and, with the consent of that court, assigned
to the Honorable Stanley S. Brotman for coordinated or
consolidated pretrial proceedings with the actions pending
in that district and listed on the attached Schedule A.

                    FOR THE PANEL:

                    Andrew A. Caffrey
                    Chairman

Schedule A

MDL-496 -- In re Caesars World Shareholder Litigation

Eastern District of Pennsylvania

ABC Bridge Club v. Clifford S. Perlman, et al.,
C.A. No. 81-4582

Ann Marie Pieri, et al. v. Clifford S. Perlman, et al.,
C.A. No. 81-4846

George Goldstone v. Clifford S. Perlman, et al.,
C.A. No. 81-4736

Jacob Heffler, et al. v. Clifford S. Perlman, et al.,
C.A. No. 81-4667

Ira Ellenthal v. Clifford S. Perlman, et al.,
C.A. No. 81-4845

Barnett Stepak v. Clifford S. Perlman, et al.,
C.A. No. 81-4616

Administrative Sales Associates Profit Sharing Plan v.
Clifford S. Perlman, et al.,  C.A. No. 81-4582

Lilly Pearl, et al. v. Clifford S. Perlman, et al.,
C.A. No. 81-4809

Arnold Litten v. Clifford S. Perlman, et al.,
C.A. No. 81-4570

Central District of California

Frances Cherkin v. Clifford S. Perlman, et al.,
C.A. No. CV81-5922-MRP

Abraham S.Cott, et al. v. Clifford S. Perlman, et al.,
C.A. No. CV81-5971-MRP

Stephen Wetter, et al. v. Caesars World, Inc., et al.,
C.A. No. 81-5983-MRP

District of New Jersey

Abraham S. Cott, et al. v. Clifford S. Perlman, et al.,
C.A. No. 81-3556

Stephen Wetter, et al. v. Clifford S. Perlman, et al.,
C.A. No. 81-3443(SSB)